```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND


TRAVELERS CASUALTY AND          *
SURETY COMPANY OF AMERICA       *
                                *
V.                              *    Civil Action No. WMN-08-2901
                                *
BALTIMORE CONTRACTORS, LLC      *
et al.                          *
                                *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

According to the Complaint, Plaintiff Travelers Casualty and Surety Company of America (Travelers) issued payment and performance bonds for several projects undertaken by Defendant Baltimore Contractors, LLC.  On or about September 4, 2000, Defendants, including Defendants Steven and Cynthia Sowash, executed a general indemnity agreement (GIA) in favor of Travelers as an inducement for Travelers to issue the surety bonds for Baltimore Contractors.  Under Paragraph 13 of the GIA, the indemnitors were permitted to terminate their participation in the agreement by giving notice to Travelers, but that termination would only have effect as to bonds issued <u>after</u> the Termination Date.[1]  After incurring costs and expenses as a result of the default of Baltimore Contractors on several

---

[1] The GIA provided that the Termination Date would be 30 days from the date that Travelers received notice.

projects, Travelers filed this action seeking indemnification pursuant to the GIA.

The Sowashes, proceeding pro se, have sent a letter to the Court which the Court will consider as a motion to dismiss. Paper No. 26.  They state in their letter that Steven Sowash left the employment of Baltimore Contractors on February 15, 2002, and that they notified Travelers of his resignation and that they would no longer be responsible or financially liable for any actions of Baltimore Contractors.  They also note that they were never consulted by Travelers concerning its efforts to resolve the defaults.  Arguing that Paragraph 13 of the GIA was "too restrictive and punitive with respect to employees no longer associated with the Company," they ask that the Court dismiss the claims against them.

To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations" are not required, but a plaintiff must "provide the 'grounds' of the plaintiff's 'entitle[ment] to relief.'"  Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2007) (internal citations omitted).  In considering such a motion, the court is required to accept as true all well-pled allegations in the complaint, and to construe the facts and reasonable inferences from those facts in the light most

favorable to the plaintiff.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). [2]

Traveler's claim against the Sowashes is essentially a claim for breach of contract.  To plead such a claim, a plaintiff need only allege that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.  Taylor v. NationsBank, N.A., 776 A.2d 645, 651 (Md. 2001).  Here, Travelers is only seeking indemnification from the Sowashes on two bonds: a bond issued on July 20, 2001, for New Dayton Maintenance Facility Project (the NDMF Bond); and a bond issued on January 5, 2002, for the Abbottston/Stadium Elementary School Project (the ASES Bond).  Compl. (Count II).  Under the terms of the GIA signed by the Sowashes, they were obligated to indemnify Travelers for any losses under bonds issued prior to the Termination Date.  Even assuming that, on or about February 15, 2002, the Sowashes gave sufficient notice pursuant to Paragraph 13 of the GIA, the NDMF and ASES bonds were clearly issued before that notice was given.  Thus, the Complaint states a claim against the Sowashes.  That, of course,

---

[2] Although the Sowashes submitted some documents with their letter, the Court finds that it would not be appropriate to convert their letter into a motion for summary judgment.  First, the Sowashes did not submit the documents in a form that would render the documents admissible.  Furthermore, the Court notes that little discovery has been taken in this action such that consideration of a motion for summary judgment would be premature.

is not to say that the issues raised by the Sowashes or the applicability of other defenses might not prove relevant at some later stage of these proceedings.  At this stage, however, the Sowashes' request for dismissal must be denied.  A separate order will issue.


                           _____/s/_____
                           William M. Nickerson
                           Senior United States District Judge



DATED: August 18, 2009